No. 623                    July 1, 2026                    221

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

John B. MATCHETT,
a Resident of Oregon,
*Plaintiff-Appellant,*

*v.*

EMERALD FOREST PRODUCTS, INC.,
an Oregon corporation,
*Defendant,*

*and*

SWEED MACHINERY, INC.,
an Oregon corporation,
*Defendant-Respondent.*

Lane County Circuit Court
23CV52467; A186610

Charles M. Zennaché, Judge.

Argued and submitted June 2, 2026.

J. Randolph Pickett argued the cause for appellant. Also on the opening brief were Kimberly O. Weingart, Juliana B. Minn, Kyle T. Sharp, Hannah J. Shilling, and Pickett Dummigan Weingart LLP. Also on the reply brief were Juliana B. Minn, Kimberly O. Weingart, and Pickette Dummigan Weingart LLP; and Lourdes Sánchez-Marte, Apolinar Montero-Sánchez, and The Law Office of Lourdes Sánchez PC.

Christopher R. Piekarski argued the cause for respondent. Also on the brief were Damian P. Stutz and Gilbert Levy at Bridgeport The GLB Attorneys.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

This case involves a personal injury action arising from a workplace injury that involved an industrial trim saw manufactured by defendant, Sweed Machinery, Inc. (Sweed). Sweed sold the saw to plaintiff's employer in 1993. In 2021, plaintiff was injured while cleaning the saw, resulting in the loss of several fingers. In 2023, he filed a lawsuit alleging two claims against Sweed—strict products liability and negligence. The trial court granted Sweed's summary judgment motion based on the statute of ultimate repose, ORS 30.905, and rejected plaintiff's remedy clause-based challenge to ORS 30.905.

On appeal, plaintiff challenges the trial court's grant of summary judgment. A moving party is entitled to summary judgment if "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." ORCP 47 C. "A material fact is one that, under applicable law, might affect the outcome of a case." *Ghiglieri v. Tomalak*, 304 Or App 717, 718, 469 P3d 262 (2020) (internal quotation marks omitted). "No genuine issue as to a material fact exists if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C.

Having reviewed the record and the trial court's order granting summary judgment, we find no error. *Beneficial Oregon, Inc. v. Bivins*, 313 Or App 275, 277, 496 P3d 1104 (2021) (reviewing a trail court's grant of summary judgment for errors of law). The trial court concluded that plaintiff filed his claim almost 30 years after Sweed manufactured and sold the saw to plaintiff's employer. ORS 30.905(2) bars claims arising from products that were first purchased more than 10 years before the claim was filed. In light of that statute, and in light of the undisputed facts, the trial court correctly concluded that plaintiff's strict product liability claim was barred. The court also concluded that plaintiff's negligence claim was barred because it was

based on conduct occurring before or at the time of sale of the saw and was therefore subject to the same statute of ultimate repose as the product liability claim. *See Kambury v. DaimlerChrysler Corp.*, 185 Or App 635, 639-40, 60 P3d 1103 (2003) (so concluding). That conclusion is also legally correct.

To the extent that plaintiff attempts to avoid the effects of the statute of ultimate repose by relying on post-sale conduct, Sweed is correct that the record is devoid of any such evidence. To be sure, as plaintiff argues, some post-sale conduct can give rise to a claim if some other negligent act occurs after the sale. *Id.* at 642 (citing *Erickson Air-Crane Co. v. United Tech. Corp.*, 303 Or 281, 289, 735 P2d 614 (1987)). In its oral findings, the trial court went through each of plaintiff's allegations that Sweed failed to warn of a risk of harm and failed to retrofit the saw with additional safety features that became available after the initial sale. It concluded that plaintiff failed to put forth any evidence of a latent defect that was discovered or should have been discovered after the date of the sale. Having reviewed the record, we agree. The trial court therefore did not err in granting summary judgment because plaintiff's claims are barred by the statute of ultimate repose.[1]

With respect to plaintiff's remedy clause argument, at oral argument, plaintiff conceded that his remedy clause argument is barred by existing Oregon Supreme Court case law. We agree and therefore conclude that the trial court correctly rejected that argument.

Affirmed.

---

[1] We also agree with the trial court that whether the statute of ultimate repose applies is not a question of fact that requires an expert opinion and thus plaintiff's ORCP 47 E affidavit did not preclude summary judgment.